# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

        Appellant,

        v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

        Agency.

DOCKET NUMBER
DE-3330-14-0312-I-1

DATE: April 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Melinda V. McKinnon</u>, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant alleged that the agency violated his veterans' preference rights when it failed to select him for the open, continuous vacancy announcement number HHS-CDC-OD-13-883025, Public Health Advisor, GS-12/14, in various international locations. Initial Appeal File (IAF), Tab 1, Tab 6 at 56-63. Under an open, continuous vacancy announcement, the agency fills vacancies at a particular grade level and location, as they become available. IAF, Tab 19 at 17. The record reflects that the appellant exhausted his administrative remedies before the Department of Labor and timely filed the instant appeal. IAF, Tab 1 at 7-8.

¶3 Because he found no genuine dispute of material fact, the administrative judge did not hold the appellant's requested hearing, *id*. at 2, and instead adjudicated the appeal on the written record, denying the appellant's request for corrective action under VEOA, IAF, Tab 22, Initial Decision (ID). In his timely-filed petition for review, the appellant alleged that the administrative judge was biased against him and improperly denied his right to a hearing. Petition for Review (PFR) File, Tab 1 at 4-16. The appellant also claims that the

administrative judge erroneously determined that he is not entitled to priority placement in the selection process and includes with his petition for review a copy of his October 2009 Basic Eligibility Rating Sheet for a different position. *Id.* at 16-19. The agency responded to the appellant's petition for review and the appellant replied to the agency's response. PFR File, Tabs 2, 4.

¶4      In pertinent part, to be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). By its terms, vacancy announcement HHS-CDC-OD-13-883025 was open to all United States citizens and the agency indicated therein that it had concurrently issued another vacancy announcement, number HHS-CDC-OM-13-883005, for the same position under merit promotion procedures. IAF, Tab 6 at 56. The agency specifically advised applicants that they must apply separately for each announcement in order to be considered under both procedures. *Id.* The record does not reflect that the appellant applied for the concurrent internal merit promotion vacancy announcement.

¶5      The record shows that the agency requested candidates for GS-14 Public Health Advisor vacancies in Malawi, Mozambique, Nigeria, South Africa, and Zambia. *Id.*, Tab 6 at 41-55. The agency filled the positions in Nigeria, South Africa, and Zambia using the concurrent merit promotion announcement, HHS-CDC-OM-13-883005. ID at 7; *see* IAF, Tab 19 at 21. An agency has the discretion to fill a vacant position by any authorized method; the Board's reviewing court has held that there is nothing to prevent an agency from soliciting applications simultaneously from both public and merit promotion applicants and filling the vacant position from the merit promotion certificate. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1384 (Fed. Cir. 2007) (finding that the agency did not violate VEOA by conducting "simultaneous parallel procedures under the competitive examination and merit promotion processes to

fill the same position" and selecting someone other than the veteran under the merit promotion process); *see also Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008).

¶6    The record also reflects that the agency did not fill the position in Mozambique.  ID at 7-8; IAF, Tab 19 at 21.  There is no harm, and therefore no VEOA violation, when, as here, an agency decides not to fill a particular vacancy. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 14, *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013) (unpublished); *cf.*, *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 10 (2002) (the agency is not required to fill a particular vacancy and does not violate an applicant's veterans' preference rights when it cancels a vacancy announcement and does not make a selection), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶7    Of the selections at issue, the record reflects that agency filled only the position in Malawi using the vacancy announcement for which the appellant applied, HHS-CDC-OD-13-883025.  IAF, Tab 19 at 21.  However, the agency found that the appellant lacked the requisite qualifications for the position.  *Id.* at 16-20.  Under 5 C.F.R. § 302.302(d), when experience is a factor in determining eligibility, as it is in the instant matter, an agency shall credit a preference-eligible like the appellant as follows:

> (1) with time spent in the military service of the United States if the position for which he/she is applying is similar to the position which he/she held immediately before his/her entrance into the military service; and
>
> (2) with all valuable experience, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefor.

¶8    Nevertheless, "VEOA does not enable veterans to be considered for positions for which they are not qualified." *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (citing *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000)).  In the context of a VEOA claim, the Board may examine whether an agency properly assessed an

applicant's qualifications as part of its analysis of whether the agency afforded that individual, in accordance with relevant veterans' preference statutes or regulations, the right to compete for a position. *Id.* at 1321. In doing so, the Board's authority is limited to examining whether the hiring agency improperly omitted, overlooked, or excluded any of the appellant's experience in assessing his or her qualifications for the position at issue, in order to ensure that the agency considered and credited any experience material to the position. *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009).

¶9 In his application for the position, the appellant indicated that GS-14 was the lowest grade he would accept. IAF, Tab 6 at 4-5. The human relations specialist responsible for making qualification determinations on the agency's behalf provided a sworn statement in which she described her comprehensive review of the appellant's application and explained her resulting determination that the appellant lacked the requisite 1 year of specialized experience at or equal to the GS-13 level and was therefore, as noted above, not qualified for the position. ID at 3, IAF, Tab 19 at 16-20; *see* IAF, Tab 6 at 58. The administrative judge found that the agency established by preponderant evidence that it did not improperly omit, overlook, or exclude any of the appellant's stated experiences or work history in assessing his qualifications for the position. ID at 7. The appellant identifies nothing on review to indicate that the administrative judge erred in making this determination. Moreover, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). For the reasons described above, we agree with the administrative judge that there is no genuine issue of material fact and find that the administrative judge properly denied the appellant's request for corrective action on the written record without holding a hearing.

¶10 Regarding the appellant's claim that the administrative judge was biased against him, in making such a claim, a party must overcome the presumption of

honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Further, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant filed a motion in the appeal below to disqualify the administrative judge in which he explicitly explained why he feels that the administrative judge was biased against him. IAF, Tab 13. In his ruling on the appellant's motion, the administrative judge provided a detailed explanation of why the appellant failed to meet the above cited burden. IAF, Tab 17. The appellant repeats his arguments on review. PFR File, Tab 1 at 6-9. We agree with the administrative judge's analysis and find that the appellant's arguments on review do not show that the administrative judge either erred or abused his discretion in this matter.

¶11 Lastly, we note that the appellant has identified no authority that would provide him with eligibility for priority placement or require the agency, as the appellant contends, to place him "ahead of virtually all other candidates for any subsequent position." PFR File, Tab 1 at 16-17. Regarding the document the appellant submits on review, PFR File, Tab 1 at 19, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. The appellant fails to make such a showing and the document, which is dated long before the close of the record in this matter, is not relevant to the issues in this appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.